### BERGMAN v. INMAN, POULSEN & CO.

#### (Circuit Court, D. Oregon. December 24, 1898.)

#### No. 2,416.

1. JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY—ASSIGNEE OF CLAIMS.

An assignee of choses in action aggregating over $2,000 may maintain a suit thereon if his assignees were citizens of different states from the defendant, though they could not have maintained separate suits, because none of the claims singly was sufficient in amount.

2. SAME—LIQUIDATED DAMAGES.

Where a suit is upon a demand on which the law liquidates the damages, the amount so liquidated, and not the amount claimed in the complaint, constitutes the matter in dispute; hence in a suit for conversion of property on which plaintiff claimed liens, where the several liens are specifically set out, and they aggregate less than $2,000, without interest,

a federal court is without jurisdiction, although the amount claimed is the amount of a judgment recovered on such claims against the debtor, which includes interest and other expenses, and exceeds $2,000, but to which judgment the present defendants were not parties.

On Demurrer to Complaint.

Milton W. Smith, for plaintiff.

Cake & Cake, for defendants.

BELLINGER, District Judge. The question for decision arises upon a demurrer to the complaint, on the ground that the action does not involve the requisite amount to give the court jurisdiction. The action is brought by the plaintiff in his own right, and as the assignee of various claims held by citizens of the state of Washington, which claims were assigned to the plaintiff, and upon which he brought a suit in the superior court for the state of Washington, to enforce a lien against a lot of saw logs which were subsequently taken by the defendants, and converted to their own use. The aggregate amount of the several claims is $1,962. The plaintiff, in his own right and as assignee, claimed a lien against the logs in question. The defendants were not parties in that suit. The logs were removed by the defendants in this action, to the state of Oregon, and cut and sawed into lumber, and disposed of, and this action is for damages for such conversion. The prayer of the complaint is for judgment against the defendants in the sum of $2,858.75, with interest, that being the amount of the decree rendered in favor of the plaintiff in the superior court of the state of Washington, in his suit to enforce the lien against the logs, which lien is the basis of the claim of damages made in this action. The defendants, Inman, Poulsen & Co., were not parties in that suit, and this court has heretofore held that the judgment in that suit could not be made the measure of the plaintiff's recovery in this action.

Two questions are raised in support of the demurrer: First, that the amount in controversy necessary to give the court jurisdiction must be the amount claimed by the plaintiff himself, in his own right, and not including what is claimed in the right of his assignors; second, that admitting that the several assigned claims may be added together, and that their sum may constitute the amount in controversy, yet in this case, inasmuch as this amount aggregates only $1,962, the court is still without jurisdiction, notwithstanding the claim in the prayer for damages in the sum of $2,858.

It is held that the assignee of choses in action aggregating over $2,000 may maintain a suit if his assignors were citizens of other states from the defendant, although they could not have maintained separate suits, because none of their claims amount to the sum required to give jurisdiction. Black, Dill. Rem. Causes, § 71.

As to the second point, the rule is well settled that, where the suit is upon a demand on which the law liquidates the damages, the amount so liquidated, and not the amount claimed in the plaintiff's complaint, constitutes the value of the matter in dispute. It is only where the damages are not limited by law that the amount for which the plaintiff demands judgment is to be considered in determining whether the requisite amount to give the court jurisdiction is involved in the contro-

versy.   In this case the plaintiff states with particularity the several claims or liens upon which must be based the amount of damages to which the plaintiff is entitled, and these, as we have already seen, aggregate less than $2,000.   The amount claimed in the complaint is made up by adding to this sum interest and attorney's fees, adjudged in favor of the plaintiff in his suit in the Washington court; but since the parties here are not precluded by that adjudication, and are responsible to the plaintiff only in the amount of the several claims upon which that adjudication was based, and as there can be no recovery against them on account of attorney's fees and costs in that suit, and the amount to be recovered here, as appears from the complaint, is necessarily limited to the amount of the original claims, exclusive of interest, the court is without jurisdiction.   The demurrer is sustained.